IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-73,434-01 AND WR-73,434-02






EX PARTE ROBERTO BENITEZ, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 007-0145-04-A AND 007-0816-04-A 


IN THE 7TH JUDICIAL DISTRICT COURT FROM SMITH COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant originally pleaded guilty to
one charge of burglary of a habitation, and one charge of aggravated assault in exchange for deferred
adjudication community supervision. His guilt was later adjudicated, and he was sentenced to ten
years' imprisonment. 

 Applicant contends that TDCJ is not properly crediting him for pre-sentencing jail time
which was awarded to him on the judgments adjudicating guilt in these cases. Applicant has alleged
facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As
we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the
appropriate forum for findings of fact.

 The trial court shall order the Texas Department of Criminal Justice's Office of the General
Counsel to file an affidavit listing Applicant's sentence begin date and discharge date for each of the
sentences he is currently serving. The affidavit should state whether Applicant is receiving the
appropriate amount of credit for each sentence as reflected on the judgments adjudicating guilt in
these two cases. If Applicant's maximum discharge date is controlled by a conviction other than
these two convictions, the affidavit should provide details about that conviction and sentence. 
Finally, the affidavit should indicate whether or not Applicant has submitted his claim to the time
credit resolution system of TDCJ, and if so, the date when the claim was submitted.

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. 
Tex. C ode Crim. Proc. art. 26.04.

 The trial court shall make findings of fact first as to whether Applicant has properly
exhausted his administrative remedies as required by Tex. Gov't Code § 501.0081(b)-(c). The trial
court shall then make findings as to whether Applicant is receiving the proper amount of credit
reflected on the judgments adjudicating guilt in these cases, and if not, why not. The trial court shall
also make any other findings of fact and conclusions of law that it deems relevant and appropriate
to the disposition of Applicant's claims for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: March 3, 2010

Do not publish